UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW KEITH ALWARD,

          Petitioner,

                                      Case No. 2:24-cv-13143

v.

                                      Honorable Susan K. DeClercq
STATE OF MICHIGAN, et. al.,           United States District Court Judge

          Respondents.
_____/

# OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Matthew Keith Alward, ("Petitioner"), confined at the Federal Correctional Institution in Cumberland, Maryland (FCI-Cumberland), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court conviction for two counts of embezzlement and one count of larceny by conversion. For the reasons stated below, his petition for writ of habeas corpus will be dismissed without prejudice.

## I. BACKGROUND

Petitioner pleaded guilty to embezzlement and larceny by conversion in the Washtenaw County Circuit Court. *People v. Alward*, No. 19-000750-FH (Washtenaw Cty. Cir. Ct.). On August 8, 2023, Petitioner was sentenced to 3-5 years in prison. Washtenaw County Trial Court, https://tcweb.ewashtenaw.org/PublicAc

cess/CaseDetail.aspx?CaseID=387352. Petitioner is incarcerated at FCI-Cumberland, where he is serving a ten-year federal sentence for conspiracy to possess with intent to deliver more than 50 grams of methamphetamine. *See United States v. Alward*, No. 1:19-cr-00261 (W.D. Mich.), https://miwd-ecf.sso.dcn/cgi-bin/DktRpt.pl?116298057177653-L_1_0-1. Petitioner's appeal of his state court conviction is currently before the Michigan Court of Appeals. *People v. Alward*, No. 372410 (Mich. Ct. App.), www.courts.michigan.gov/courts/coa. Michigan Court of Appeals public records indicate the appeal is still pending before the Court of Appeals and no appeal has been filed yet with the Michigan Supreme Court.[1]

Petitioner now seeks habeas relief from his state court conviction.

## II. DISCUSSION

The instant petition must be dismissed without prejudice because Petitioner has yet to exhaust his claims with the state courts.

A prisoner who seeks federal habeas relief must exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275–78 (1971). To fulfill this exhaustion requirement, a petitioner must present each claim for habeas relief to both state appellate courts, even where the state's highest court provides only discretionary

---

[1] Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681 n.1 (E.D. Mich. 2014).

review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845–47 (1999). Accordingly, a prisoner confined under a Michigan conviction is required to present his or her claims in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). A federal district court should generally dismiss a petition for writ of habeas corpus that contains any unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas corpus relief is unavailable to a state prisoner who fails to allege that he or she has exhausted his or her available state court remedies. *See Granville v. Hunt*, 411 F.2d 9, 11 (5th Cir. 1969). The instant petition is subject to dismissal because Petitioner failed to establish that he exhausted his state court remedies. *See Peralta v. Leavitt*, 56 F. App'x 534, 535 (2d Cir. 2003); *See also Fast v. Wead*, 509 F. Supp. 744, 746 (N.D. Ohio 1981).

Although Petitioner claims in his petition that he has sought relief in the Michigan appellate courts, Petitioner provides no proof that he has exhausted his claims, and his conclusory allegations are insufficient to prove exhaustion. *See*

- 3 -

*Malcom v. Stewart*, No. 15-11175, 2015 WL 2449233, at *1 (E.D. Mich. May 21, 2015). This Court has reviewed the Michigan Court of Appeals' public docket records, which show that Petitioner's appeal is still pending before that court. And because the Michigan Court of Appeals has not yet rendered a decision on Petitioner's claims, those claims have not yet been presented to the Michigan Supreme Court. Thus, his claims remain unexhausted and must be dismissed without prejudice. *See Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

The Court will also deny a certificate of appealability to Petitioner. Before Petitioner may appeal this Court's dispositive decision, "a circuit justice or judge" must issue a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A); FED. R. APP. P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "The district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a).

The Court declines to issue a certificate of appealability because jurists of reason would not debate this Court's conclusion that the petition should be dismissed because Petitioner failed to exhaust his state-court remedies. *See Jones v. Carl*, 605 F. Supp. 3d 1012, 1020 (E.D. Mich. 2022). The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* FED. R. APP. P. 24(a).

### III. CONCLUSION

Accordingly, it is **ORDERED** that:

1. The Petitioner for a Writ of Habeas Corpus, ECF No. 1, is **SUMMARILY DISMISSED WITHOUT PREJUDICE**;

2. Petitioner is **DENIED** a certificate of appealability; and

3. Petitioner is **DENIED** permission to *appeal in forma pauperis*.

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: 12/6/2024