UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW KEITH ALWARD,

        Petitioner,

                                                      Case No. 2:24-cv-13143

v.

                                                      Honorable Susan K. DeClercq

STATE OF MICHIGAN, et. al.,           United States District Court Judge

        Respondents.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL (ECF No. 6)**

In November 2024, Matthew Keith Alward ("Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court conviction for two counts of embezzlement and one count of larceny by conversion. ECF No. 1. But the petition was dismissed without prejudice because Petitioner had not yet exhausted his state court remedies with respect to his convictions. ECF No. 4; *Alward v. Michigan*, No. 2:24-cv-13143, 2024 WL 5304939 (E.D. Mich. Dec. 6, 2024).

Eleven days after the petition was dismissed, Petitioner filed a motion to appoint counsel.[1] ECF No. 6. The Court will deny the motion. There is no

---

[1] Given that the petition has already been dismissed, such a motion is likely moot at this point. But to the extent Petitioner seeks counsel for the purposes of

constitutional right to counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). And given that Petitioner has failed to exhaust his state court remedies, he is not entitled to have counsel appointed to assist him with his habeas petition. *See, e.g.*, *Dupree v. Jones*, 281 F. App'x 559, 561 (7th Cir. 2008) ("[Petitioner] did not exhaust his state-court remedies, and counsel could not have changed that.").

Accordingly, it is **ORDERED** that the Motion to Appoint Counsel, ECF No. 6, is **DENIED**.

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: May 22, 2025

---

reconsideration, or that he intended to ask for counsel prior to dismissal, this Court addresses the motion on its merits.